WILLIAM L. FORD AND OTHERS, RESPONDENTS, v. CHARLES
J. KNAPP AND OTHERS, APPELLANTS.

*Tenants in common — in an action for partition no allowance will be made for*
*improvements made by one without the assent of his cotenant — no allowance is*
*made to a purchaser under an execution sale for improvements made before the*
*time to redeem has expired — Code of Civil Procedure, secs. 1441, 1461.*

Three judgments were recovered against one Whitaker; one by a bank on July
11, 1878; one by one Willse on December 4, 1879, and one by the plaintiffs on
January 12, 1880. Each judgment became, at the time of its recovery, a lien
upon an undivided one-half interest in about six acres of land, upon which
was a valuable water power and grist-mill, the said undivided half interest
being then owned by the said Whitaker. February 23, 1880, the other undi-
vided half interest in the said premises was purchased by the defendants, who
on that day entered into possession of the premises. On March 9, 1880,
Whitaker's interest in the premises was sold under an execution issued upon
the judgment recovered by the bank and purchased by the defendants. On
June 9, 1881, Willse redeemed, under his judgment, from the said sale, and on
the same day the plaintiffs redeemed, under their judgment, from the redemption
so made by Willse. Between March 9, 1880, and March 9, 1881, the defendants
expended large sums of money in remodeling and enlarging the mill, and also
expended, prior to the commencement of this action, other sums of money for
repairs, taxes and insurance. These sums were expended without any agreement
or assent upon the part of Whitaker or any of his three judgment creditors.
In an action brought by the plaintiffs for a partition:

*Held*, that no allowance should be made to the defendants for the improvements
made by them.

That as the court did not charge them for the use and occupation of the premises,
it was proper to make no allowance for the amounts they had expended for
necessary repairs, taxes and insurance.

On February 23, 1880, Dorcas Whitaker, the wife of the judgment-debtor, being
then seized of an inchoate right of dower in the whole of the said premises,
executed and delivered to the defendants a quit-claim deed of all her right,
title and interest, as wife of the said Whitaker, in the premises sought to be
partitioned.

*Held*, that this deed was ineffectual to extinguish the wife's inchoate right of
dower in the undivided half of the premises then owned by her husband, and
that the sale in this action was properly directed to be made subject thereto.

APPEAL from a judgment, entered upon the trial of this action
by the court without a jury.

This action was commenced July 2, 1881, and was brought to
partition certain real property situated in the village of Deposit,

Broome county, N. Y. ; the said premises consisting of about six acres of land, on which was a valuable water-power and grist-mill, operated by both water and steam.

July 11, 1878, while Stephen F. Whitaker was the owner of an undivided half of the said premises, a judgment was recovered against him by a bank for $18,247.21, which became a lien on his said undivided half. December 4, 1879, Benjamin W. Willse recovered a judgment against the said Stephen F. Whitaker for $1,109.75, which also became a lien on his undivided half. January 12, 1880, the plaintiffs in this action recovered a judgment against the said Stephen F. Whitaker for $423.51, which also became a lien upon his undivided half. February 23, 1880, Charles J. Knapp, Herbert W. Knapp, and James H. Knapp, three of the defendants, purchased the undivided half of said premises not owned by said Stephen F. Whitaker, from Stephen Whitaker, Jr., to whom his father, Stephen, had conveyed them by a deed, in which his wife did not join, and on that day they entered into possession of the whole of said premises. On the same day, and as the defendants claimed, pursuant to the same agreement, Dorcas Whitaker, the wife of Stephen, executed and delivered to the defendants a quit-claim deed of all her right, title and interest, as wife of Stephen, in the whole of the said premises. March 9, 1880, Stephen F. Whitaker's undivided half was sold to Charles J. Knapp, Herbert W. Knapp and James H. Knapp, for $4,500 upon an execution issued on the first above described judgment of $18,247.21. June 9, 1881, the said Willse redeemed upon his judgment to the amount of $600 and satisfied his judgment to that amount. On the same day the plaintiffs redeemed on their judgment over Willse paying the sheriff $5,493.75, being the amount bid by the Knapps, with interest, and the amount of Willse's redemption, and satisfied their said judgment of $423.51, under which they redeemed. Between March 9, 1880, and March 9, 1881, while the title to the undivided half, acquired June 9, 1881, by the plaintiffs was in the said Stephen F. Whitaker, Charles W. Knapp, Herbert J. Knapp and James Knapp remodeled and enlarged the mill building on the said premises, and expended in repairs and improvements the sum of $10,206.30. They also paid taxes to the amount of $283.13 and insurance to the amount of $175.35.

At the time the Knapps purchased the property they knew its condition, and at the time they were making the repairs and improvements, they knew that subsequent judgment creditors had the right to redeem from the sheriff's sale until the expiration of fifteen months from date thereof.

All the said repairs and improvements were made within twelve months after the said execution sale, and the said Stephen F. Whitaker, Benjamin W. Willse, William L. Ford and John B. Perry did not, nor did either of them, enter into any agreement in respect to such repairs and improvements, or assent thereto.

The court held and decided that the defendants were not entitled to be allowed any sum for their improvements, and that the plaintiffs were not entitled to compensation for the rent or use of the said premises after the redemption and pending the action. It also held that the wife of Stephen Whitaker had an inchoate right of dower in the undivided one-half of the premises.

*Arthur More*, for the appellants.

*David H. Carver*, for the respondents.

BOARDMAN, J.:

The case of *Scott* v. *Guernsey* (60 Barb., 163; 48 N. Y., 106) controls this action. The improvements made by Thompson, one tenant in common, were not allowed to him against his cotenants. See opinion of MASON, J., in Special Term (60 Barb., 170, bottom of page); also opinion of PARKER, J., (pp. 179, 180; also 48 N. Y., 111, 112), as to facts showing James G. Thompson, a tenant in common in possession, when he made the last improvement, which was disallowed. This disallowance was affirmed by the Commission of Appeals, although the opinion does not state the facts clearly. The principle there established is this: A tenant in common in possession is not entitled to compensation for his improvements from his cotenants who have not assented to his making them. Of course there are cases in which special equities have been recognized and allowed. There are also cases holding the reverse of this doctrine. Many are gathered in 13 Moak's English Reports, 650 (*n*), and 22 id., 319 (*n*), in appellant's brief, and in the opinion of the learned justice at Special Term. The authorities are not at all

uniform, and hence we must be guided by the decisions of our own courts.

The case of *McCabe* v. *McCabe* (18 Hun, 153) decided by this court, is relied upon by the appellants. It is not analogous. The act charged there was the destruction of the common property, and the appropriating of the proceeds to the use of the tenant in possession. It was in the nature of waste. The value of the property taken away is lost to the common estate. A tenant in common of personal property becomes liable to his cotenant if he sell or destroy the property, but he cannot recover, if he improves its condition, for such increased value.

But the Code (§ 1461) apparently provides against what was done in this case. The property was bid off by defendants in March, 1880. For one year Whitaker, the judgment debtor, had the right to redeem upon payment of the amount bid and interest. For such one year and three months, in addition, he remained tenant in common with defendants. Does not the judgment creditor, by putting on expensive improvements, impair or prejudice the right of redemption?

Then, again, the person in possession during this fifteen months, by section 1441, is permitted to make necessary repairs, but not alterations or improvements thereon. The acts of the defendant are thus seen to be in violation of this provision. All the improvements and expenditures were made during this time, and while the plaintiffs had no interest in the property except the right to redeem after the expiration of one year from the sale. The title during this fifteen months was in Whitaker. Any equities arising from these expenditures were against Whitaker, and not against plaintiffs. The defendants made their expenditure at their own risk. It was not a matter which plaintiffs could assent to or dissent from, for they had no title. They did not even redeem from the defendants. After the defendant's right under the sale had been extinguished by the redemption of Willse, the plaintiff redeemed from Willse. What was he entitled to by such redemption? The legal estate of Whitaker at the date of the sale (Code, § 1440), and that was an undivided half of the premises. The defendants say no, we have added to the value of the property after the sale and before the title vested in you by your redemption, and you are only entitled to an

undivided one-quarter; we have by our act prejudiced your right of redemption so that you do not get the interest which we bought under the execution sale, and you must redeem under the changed condition of affairs caused by our voluntary expenditure and pay, or account to us for one-half of it, or else your right to redeem is lost and gone. This would impose a new condition of redemption, and we do not think the law will permit it. They were not tenants in common when the improvements were made, and the redemption did not subject the plaintiff to any equities between the defendants and their tenant in common, Whitaker, if any existed. As the court did not charge defendants with the use and occupation of the property, they could well afford to pay therefrom the necessary repairs, taxes and insurance, if the insurance was for the joint benefit. The right of dower of Dorcas Whitaker is not extinguished by the sale. The plaintiff's half of the premises was subject to her inchoate right of dower, as stated in the decision and judgment, and the sale was made subject to it. We concur in the conclusion that her deed of February 23, 1880, did not release her inchoate right of dower.

The judgment must be affirmed, with costs.

LEARNED, P. J., and POTTER, J., concurred.

Judgment affirmed, with costs.